# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VALDA R. CROWDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 10-0104 (ESH) |
| | ) |
| BIERMAN, GEESING, | ) |
| AND WARD LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Valda Crowder has sued defendants Bierman, Geesing, and Ward LLC

("BG&W"); CitiMortgage, Inc.;[1] American Home Mortgage ("AHM");[2] Countrywide Home

Loans Inc./Bank of America ("Countrywide"); Jonathan C. Windle; and Mortgage Electronic

Registration Systems, Inc. ("MERS") under 42 U.S.C. §§ 1983, 1985, and 1986 and other federal

and common laws for events related to the foreclosure sale of real property previously owned by

plaintiff. Before the Court are motions to dismiss filed by Countrywide, MERS, and Windle[3]

and by BG&W. For the reasons stated herein, the Court will grant defendants' motions.

---

[1] Although defendant CitiMortgage has not filed a response to plaintiff's complaint, there is no
proof of service to this defendant, even though the time of service has expired as of May 20,
2010. *See* Fed. R. Civ. P. 4.

[2] Defendant AHM filed a Suggestion of Bankruptcy, noting that the company had filed for
bankruptcy in 2007 and that an injunction staying the commencement of judicial actions or
proceeding against it had been entered pursuant to 11 U.S.C. § 362.

[3] The Court granted as unopposed Windle's joinder in the motion to dismiss filed by
Countrywide and MERS. (Minute Order, Apr. 14, 2010.)

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2006, plaintiff entered into a mortgage originated by defendant AHM and secured by real property in Washington, D.C. (Mem. of Law in Supp. of Mot. to Dismiss of Defs. Countrywide and MERS ["Defs.' Mot."] at 2.) In February 2007, plaintiff entered into a second loan for a home equity line of credit which was secured by the property. (*Id.*) In November 2007, plaintiff filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Columbia. (*Id.*) At that time, defendant CitiMortgage foreclosed on the property and moved for relief from the automatic stay to allow for the recordation of the substitute trustee's deed and permit action to obtain possession of the property. (*Id.* at 2-3.) After a hearing and testimony, the Bankruptcy Court ruled that the foreclosure sale on the property was valid. (*Id.* at 3.) Plaintiff's appeal of that decision was dismissed by the district court in June 2009. (*Id.*)

In 2009, plaintiff instituted an action in the Superior Court of the District of Columbia, asserting an ownership interest in the property despite the foreclosure sale, which occurred on November 21, 2007. (Reply Br. In Further Supp. of Defs.' Mot. to Dismiss ["Defs.' Reply"], Ex. C at 2.) The court denied plaintiff's claim for injunctive relief and dismissed the complaint on the grounds that Countrywide had obtained a judgment for possession of the property.[4] (*Id.*) Plaintiff filed the instant complaint on January 20, 2010. The complaint mentions several statutes and laws, including 42 U.S.C. §§ 1983, 1985, and 1986; 28 U.S.C. § 1333(l); 18 U.S.C. §§ 891-894; 18 U.S.C. § 1961, and contract and trust law. (Compl. at 2, 4, 6-7.) Generally, it appears that plaintiff seeks to challenge the foreclosure sale that resulted in Countrywide's

---

[4] The court relied on the findings of Hon. Thomas Motley in a case before the Landlord and Tenant Branch of the Superior Court. (Defs.' Reply, Ex. C at 2.) There, defendant Countrywide sued Paul Maucha, plaintiff's tenant who lived in the property at issue but refused to pay rent. (*Id.*) Judge Motley entered judgment for possession of the property in favor of defendant Countrywide, finding that the property had been purchased at a foreclosure sale and that neither plaintiff nor her tenant was entitled to the property. (*Id.* at 1.)

purchase of the property at issue. (*Id.* at 6 (arguing that "[t]hese [p]rinciples of law defeat every claim of '[f]oreclosure'")).

## ANALYSIS

## I.       FAILURE TO STATE A CLAIM

Federal Rule of Civil Procedure 8 states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where a complaint fails "to articulate a comprehensible legal or factual basis for relief," the Court may dismiss it. *Powers v. U.S. Dep't of Justice*, 646 F. Supp. 2d 153, 155 (D.D.C. 2009); *see also Karim-Panahi v. U.S. Congress,* 105 Fed. Appx. 270, 274 (D.C. Cir. 2004) (dismissal with prejudice justified where complaint "does not provide fair notice to the defendants of the claims against them" and "appears to be frivolous on its face"); *Ciralsky v. CIA*, 355 F.3d 661, 671 n.9 (D.C. Cir. 2004) (Rule 8 dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised") (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir. 1995)). Moreover, under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must be dismissed under Rule 12(b)(6) if it consists only of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Defendants argue that plaintiff's complaint fails to meet both of these standards. (Defs.' Mot. at 7-9; Defs. Jacob Geesing, Carrie M. Ward & Howard Bierman's Mot. to Dismiss at 1-2.)

As an initial matter, the Court finds that plaintiff has failed to state a claim against

defendants BG&W, Windle, and MERS.  Beyond their inclusion as parties in the case, they are

not mentioned in the complaint, and it is unclear what role, if any, they played in the foreclosure

of the property.  There are no factual allegations concerning any actions by these defendants, and

as such, plaintiff has failed to allege any claims against BG&W, Windle, and MERS.  *See*

*Greene v. Washington, D.C.*, No. 05-1097, 2006 WL 1712399, at *2 n.3 (D.D.C. June 16, 2006)

(dismissing claims against defendant against whom no allegations were made); *Jung v. Ass'n of*

*Am. Med. Colls.*, 300 F. Supp. 2d 119, 163-64 (D.D.C. 2004) (plaintiffs' generic use of

"defendants" was inadequate to meet their burden of alleging that each defendant was a

participant in the conspiracy).

The complaint is similarly deficient with respect to defendants Countrywide, AHM, and

CitiMortgage because plaintiff's allegations are so vague as to be incomprehensible.  Although

plaintiff alleges that she took her February 2007 loan from these defendants and that they

"caused [her] to believe that a binding, lawful contract was created between [them]" (Compl. ¶¶

1-4, 9), she fails to articulate what defendants did (or failed to do) that would entitle her to relief.

She also fails to allege the elements of any cause of action.[5]  Plaintiff's references to 42 U.S.C.

§§ 1983 and 1986 are inapposite, as none of the defendants is a government actor, so they are not

---

[5] In her opposition, plaintiff alleges that AHM "assigned the note to Citimortgage without
recording a lawful transfer." (Pet.'s Resp. to Resp't/Defs.' Mot. to Dismiss at 2.)  She also
alleges that CitiMortgage and Countrywide "provided and continue to provide fraudulent
testimony in this matter while under oath" concerning the entity that was the highest bidder at the
foreclosure sale. (*Id.* at 3-4.)  However, even if these allegations were sufficient to state a claim
for which relief may be granted (and it is unclear, without additional allegations, that they do),
plaintiff may not amend her complaint by the briefs in opposition to a motion to dismiss. *See*,
*e.g.*, *Calvetti v. Antcliff*, 346 F. Supp. 2d 92, 107 (D.D.C. 2004) (quoting cases); *see also Coll.
Sports Council v. GAO*, 421 F. Supp. 2d 59, 71 n.16 (D.D.C. 2006) ("[T]he Court does not, and
cannot, consider claims first raised in the plaintiff's opposition.").

governed by these statutes, and there are no allegations sufficient to state a claim of conspiracy under § 1985. Plaintiff's references to statutes concerning admiralty jurisdiction and criminal racketeering, without any accompanying factual allegations, are similarly frivolous. *Cf. Rogler v. U.S. Dep't of Health and Human Servs.*, 620 F. Supp. 2d 123, 130 (D.D.C. 2009) (dismissing "fantastic" allegations and "references to criminal statutes" as frivolous). Plaintiff cites "numerous violations of contract and trust law" (Compl. at 4), but she makes no factual allegations to support this claim, let alone allegations that suggest her claim is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949. Accordingly, plaintiff's complaint fails to state a sufficient claim for relief under Federal Rules of Civil Procedure 8 and 12(b)(6).

## II.  CLAIM PRECLUSION

Plaintiff appears before this Court *pro se*, and the Court is mindful that "complaints filed by *pro see* litigants are held to less stringent standards than formal pleadings drafted by lawyers." *Rogler*, 620 F. Supp. 2d at 127. A liberal reading of plaintiff's complaint suggests that plaintiff seeks to challenge the legitimacy of the foreclosure sale that led to Countrywide's ownership of the property. (*See* Compl. at 6-7 (arguing that "criminal conduct" of defendants means that notes and mortgages entered into by plaintiff "have no legal force or binding effect"); *see also id.* at 7 (plaintiff seeks to enjoin defendants from "acting on ownership, landlord, or property rights" over property at issue).) However, even if the Court were to overlook the clear deficiencies in the complaint, courts of competent jurisdiction have already ruled on the legitimacy of the foreclosure sale that plaintiff apparently wishes to challenge.[6]

---

[6] According to court dockets and judicial opinions of which this Court may take judicial notice, *see EEOC v. St. Francis Xavier Parochial Sch.*,  117 F.3d 621, 624 (D.C. Cir. 1997), at least two judges in two courts have ruled that the foreclosure sale was valid and that Countrywide was the proper owner of the property at issue. In Bankruptcy Court, Judge Teal held that "the foreclosure sale conducted on November 21, 2007 . . . was conducted and concluded prior to the Debtor filing

"Under the doctrine of res judicata, or claim preclusion, a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Here, Judge Teal's ruling regarding the validity of the foreclosure sale involved plaintiff and CitiMortgage as parties. However, Countrywide is the successor in interest to CitiMortgage's interest in the property (Defs.' Mot. at 6), meaning CitiMortgage and Countrywide are in privity. *See*, *e.g.*, *Am. Forest Council v. Shea*, 172 F. Supp. 2d 24, 31 (D.D.C. 2001) (noting that a "successor-in-interest to a prior party" will "be considered in privity with a party to the prior action") (quoting *Tyus v. Schoemehl,* 93 F.3d 449, 454 (8th Cir. 1996)); *see also Nat'l Sav. & Trust Co. v. Rosendorf*, 559 F.2d 837, 840 (D.C. Cir. 1977) (successors-in-interest are "bound in their representative capacities by Judgment in which their predecessors were parties"). Moreover, Countrywide was a party in the lawsuit against plaintiff's tenant in the Landlord and Tenant Branch of Superior Court. Plaintiff's tenant is in privity with plaintiff, as he stood in her place and argued that Countrywide was not the rightful owner of the property. (Defs.' Reply at 9); *see also* D.C. Code § 16-1101 ("When a lessee is made a defendant at the suit of a party claiming against the title of the lessee's landlord, the landlord may appear and be made a party defendant in the place of his lessee."). The Court thus concludes that plaintiff, CitiMortgage, and Countrywide were parties to cases in which courts of competent jurisdiction rendered final judgments as to the validity of the foreclosure sale at issue here. Accordingly,

this instant case, and said foreclosure sale is wholly valid." (Order Confirming Validity of Foreclosure Sale Conducted on Nov. 21, 2007 on Real Property Located at 5721 Potomac Ave., NW, Washington, DC 20016, Sept. 4, 2008.) Similarly, in the Landlord and Tenant Branch of the Superior Court, Judge Motley held that the property "belongs to Country wide [sic]." (Defs.' Reply, Ex. B at 2; *see also id.*, Ex. C at 2 (acknowledging Countrywide's "judgment for possession" and right to sell property and/or evict any tenants).

even if plaintiff had adequately stated a claim against these parties, which she has not, such a claim is barred. [7]

## CONCLUSION

For the reasons set forth above, the Court shall **GRANT** defendants' motions to dismiss. Because the Court finds the grounds upon which it grants the motion to dismiss filed by Countrywide, MERS, and Windle also apply to CitiMortgage, it will dismiss the case against this defendant as well. A separate Order accompanies this Memorandum Opinion.

_____/s/_____

ELLEN SEGAL HUVELLE
United States District Judge

DATE: May 20, 2010

---

[7] Although CitiMortgage has not filed a response to plaintiff's complaint (*see supra* note 1), the Court finds that plaintiff's complaint against these defendants is barred by the doctrine of res judicata. *See Walker v. Seldman*, 471 F. Supp. 2d. 106, 114 n.12 (D.D.C. 2007) ("While it is true that res judicata is an affirmative defense, courts may dismiss sua sponte when they are on notice that a claim has been previously decided because of the policy interest in avoiding 'unnecessary judicial waste.'") (quoting *Arizona v. California,* 530 U.S. 392, 412 (2000)).